## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRC PARENT CORPORATION, et al. | ) | Case No. 10-11567 (MFW) |
| f/k/a CHEM RX CORPORATION, et al. | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |
| | ) | |
| AP SERVICES, LLC, AS TRUSTEE OF | ) | |
| THE CRC LITIGATION TRUST | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 12-50702 (MFW) |
| | ) | |
| BELLCO DRUG CORP. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of Bellco Drug Corp. ("Bellco") to Dismiss the Complaint filed by AP Services, LLC, as Trustee of the CRC Litigation Trust (the "Trustee"), for failure to state a claim for relief. For the reasons set forth below, the Court will grant, in part, and deny, in part, the Motion to Dismiss.

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052(a)(3) of the Federal Rules of Bankruptcy Procedure. Accordingly, the Court makes no findings of fact or conclusions of law. Instead, the facts recited are as averred in the Complaint, which must be presumed true for the purposes of this Motion to Dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

I.  BACKGROUND

CRC Parent Corporation and its affiliates (the "Debtors") were long-term care pharmacies serving multiple correctional institutions and long-term care facilities, including skilled nursing homes and group homes. The Debtors provided prescription and non-prescription drugs, intravenous medications, durable medical equipment, and surgical supplies for residents of institutions in New York, New Jersey, Pennsylvania, and Florida.

The Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on May 11, 2010 (the "Petition Date"). On April 11, 2011, the Court entered an Order confirming the Debtors' Second Amended Joint Plan of Liquidation (the "Plan"). (D.I. 900.)[2] Under the Plan, the Trustee is responsible for prosecuting causes of action for the benefit of creditors. (D.I. 873.)

On May 8, 2012, the Trustee commenced the instant adversary proceeding by filing a Complaint against Bellco in which it alleges, inter alia, that Bellco received sixty-four preferential transfers in the aggregate amount of $9,807,000 (the "Transfers") ("Count I"). The Trustee alternatively alleges the Transfers were fraudulent conveyances under section 548 ("Count II") or unauthorized post-petition transfers under section 549 ("Count

---

[2] Citations to pleadings in the bankruptcy case are "D.I. #" and to pleadings in the adversary proceeding are "Adv. D.I. #."

2

III"). Additionally, the Trustee seeks to recover the Transfers under section 550(a) ("Count IV") and to disallow Bellco's claims under section 502(d) ("Count V").

On September 18, 2012, Bellco filed its Motion to Dismiss all counts for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Briefing has been completed, and the matter is ripe for decision.

II.  <u>JURISDICTION</u>

The Court has core jurisdiction over this adversary proceeding.  28 U.S.C. §§ 1334 & 157(b)(2)(B).  The Court has the power to enter an order on a motion to dismiss even if the matter is non-core or the Court lacks authority to enter a final order. <u>See, e.g.</u>, <u>Boyd v. Kind Par, LLC</u>, Case No. 11-CV-1106, 2011 WL 5509873, at *2 (W.D. Mich. Nov. 10, 2011) ("[U]ncertainty regarding the bankruptcy court's ability to enter a final judgment . . . does not deprive the bankruptcy court of the power to entertain all pretrial proceedings, including summary judgment motions."); <u>In re Trinsum Grp., Inc.</u>, 467 B.R. 734, 739 (Bankr. S.D.N.Y. 2012) ("After <u>Stern v. Marshall</u>, the ability of bankruptcy judges to enter interlocutory orders in . . . proceedings has been reaffirmed . . . .").

3

III. <u>DISCUSSION</u>

    A.  <u>Standard of Review</u>

To survive a Rule 12(b)(6) motion, the claims alleged in the complaint must meet the standards of pleading.  The Supreme Court's decisions in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) have shifted federal pleading standards from notice pleading to a heightened standard of pleading.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  This heightened pleading requirement applies to all civil suits in federal courts.  <u>Id.</u>

To survive a motion to dismiss, a complaint must contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>  Conversely, "[a] pleading offering only labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  <u>Twombly</u>, 550 U.S. at 555.  "Courts have an obligation in matters before them to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable."  <u>Doug Grant, Inc. v. Greate Bay Casino Corp.</u>, 232 F.3d 173, 184 (3d Cir. 2000).  A court must "draw on the

allegations of the complaint, but in a realistic, rather than a slavish, manner." Id.

Determining whether a complaint is "facially plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief." Id.

The Third Circuit has instructed courts to conduct a two-part analysis. Fowler, 578 F.3d at 210. "First, the factual and legal elements of a claim should be separated," with the reviewing court accepting "all of the complaint's well-pleaded facts as true, but . . . disregard[ing] any legal conclusions." Id. at 210-11. Next, the reviewing court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." Id.

    B.    <u>Failure to State a Claim</u>

In the Complaint, the Trustee asserts that it is entitled to avoid and recover from Bellco the transfers listed on Exhibit 1 as preferences under section 547, fraudulent transfers under section 548, or unauthorized post-petition transfers under section 549.

1.  <u>Preferential Transfer</u>

Bellco contends that the Trustee fails to state facts sufficient to plead the elements of a preferential transfer under section 547. The purpose of the preference pleading requirements is "to ensure that the defendant receives sufficient notice of what transfer is sought to be avoided." <u>Gellert v. The Lenick Co. (In re Crucible Materials, Corp.)</u>, Adv. No. 10-55178, 2011 WL 2669113, at *3 (Bankr. D. Del. July 6, 2011).

To provide sufficient notice to the defendant, courts have determined that a preference complaint must include: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date [of the transfer], (ii) name of the debtor/transferor, (iii) name of transferee, and (iv) the amount of the transfer." <u>OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.)</u>, 340 B.R. 510, 522 (Bankr. D. Del. 2006). <u>See also</u> <u>Valley Media Inc. v. Borders, Inc. (In re Valley Media, Inc.)</u>, 288 B.R. 189, 192 (Bankr. D. Del. 2003).

When there are multiple debtors in a case, the Complaint must state which debtor owed the antecedent debt and that the same debtor made the preferential transfer. <u>See, e.g.</u>, <u>Michalski v. State Bank and Trust (In re Taco Ed's, Inc.)</u>, 63 B.R. 913, 925 (Bankr. N.D. Ohio 1986) ("Where an obligation of the debtor is satisfied with property of a third party, or where the obligation

which is satisfied is not owed by the debtor, there is no transfer which is subject to recovery under [section] 547(b).").

In this case, Bellco argues that the Complaint is deficient in two areas. First, Bellco argues that the Complaint fails to identify the specific debtor that owed an antecedent debt to the transferee because there are multiple Debtors and none are specifically named in the Complaint. Second, Bellco asserts that the Complaint does not identify which debtor made the transfer.

For purposes of section 547, an antecedent debt is a debtor's prepetition obligation owed to the creditor prior to the alleged preferential transfer. Charys Liquidating Trust v. Hades Advisors, LLC (In re Charys Holding Co., Inc.), Adv. No. 10-50211, 2010 WL 2788152, at *5 (Bankr. D. Del. July 14, 2010) ("In the context of a preferential transfer under the Bankruptcy Code, the transfer must have been on account of a debt owed to the debtor prior to the transfer."). To survive a 12(b)(6) motion, the plaintiff must adequately plead both the nature and amount of the antecedent debt. Id.; see also Crucible Materials, 2011 WL 2669113, at *2; Oakwood Homes, 340 B.R. at 522; Valley Media, 288 B.R. at 192.

The Complaint must plead at least some facts that make it plausible that a debtor/creditor relationship existed from which an antecedent debt arose, such as "any contracts between the parties or any description of goods or services exchanged." See,

e.g., Miller v. Mitsubishi Digital Elecs. Am. Inc. (In re Tweeter Opco), 452 B.R. 150, 155 (holding that the complaint failed to sufficiently plead an antecedent debt when it did not identify any contract between the parties or a description of goods or services exchanged).  Additionally, the Complaint must allege that there was a prepetition transfer of goods or services to the debtor.  See, e.g., Charys Holding, 2010 WL 2788152, at *5 (holding that the complaint failed to allege a transfer for or on account of an antecedent debt between the plaintiff and defendant when it merely alleged that the debtor "retained" the creditor but failed to identify any services rendered).

Bellco asserts that the Complaint is silent as to the details of the debtor/creditor relationship including which pharmaceuticals were supplied and how the alleged transfers relate to those pharmaceuticals.  Bellco argues that the Complaint merely pleads that during some unspecified time prior to the Petition Date, Bellco provided pharmaceutical supplies to one of the Debtors and that one of the Debtors transferred property to Bellco.  Thus, Bellco argues that the Complaint does not properly relate the Transfers to the supplier relationship.

The Trustee responds that it has sufficiently met the pleading requirements to survive a Motion to Dismiss.  The Trustee asserts that the Complaint and Exhibit 1, when read together, sufficiently detail the nature of the antecedent debt

and its payment. Specifically, in the Complaint the Trustee alleges that "[p]rior to the Petition Date, Defendant provided Pharmaceutical Supplies to the Debtor or Debtors listed in the attached Exhibit 1." (Adv. D.I. 1 at ¶ 11.) The only Debtor listed on Exhibit 1 is "B.J.K., Inc." (Adv. D.I. 1 at Ex. 1.) Additionally, the Complaint alleges that "[t]he Transfers were made on account of antecedent debts owed by the Debtors." (Adv. D.I. 1 at ¶ 15.) Exhibit 1 identifies only Transfers from B.J.K., Inc. as preferences.

The Court concludes that no more detail is needed. The Complaint sufficiently alleges that a debtor/creditor relationship existed between Bellco and B.J.K., Inc. by reference to Exhibit 1. Further, Exhibit 1 identifies that the transfers sought to be avoided were from B.J.K., Inc. Thus, it is plausible that the alleged Transfers made during the preference period satisfied debt that arose from the pre-petition debtor/creditor relationship between Bellco and B.J.K., Inc. The Court will, therefore, deny the Motion to Dismiss Count I of the Complaint.

        2.   <u>Fraudulent Transfers</u>

The Trustee asserts that the Transfers made to Bellco before bankruptcy were constructively fraudulent pursuant to section 548(a)(1)(B). Bellco asserts that the Trustee has failed to meet the heightened pleading standard required by Rule 9(b). See Fed.

R. Civ. P. 9(b); Fed. R. Bankr. P. 7009.

Where a party asserts a claim for fraud, the complaint must set forth facts with sufficient particularity to apprise the defendant of the charges against him so that he may prepare an adequate answer. Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.), 327 B.R. 711, 718 (Bankr. D. Del. 2005). To provide fair notice, the complainant must go beyond merely parroting statutory language. Id. See also Burtch v. Dent (In re Circle Y of Yoakum, Texas), 354 B.R. 349, 356 (Bankr. D. Del. 2006).

A claim of constructive fraud, however, "need not allege the common variety of deceit, misrepresentation, or fraud in the inducement . . . because the transaction is presumptively fraudulent and all that need be alleged is that the conveyance was made without fair consideration while the debtor was functionally insolvent." Id. at 718. See also, Astropower Liquidating Trust v. Xantrex Tech., Inc. (In re Astropower), 335 B.R. 309, 333 (Bankr. D. Del. 2005). Nonetheless, the Trustee must do more than simply allege the statutory elements of a constructive fraud action. Global Link, 327 B.R. at 718.

Bellco argues that Count II is not sufficiently pled because the Trustee merely parrots the language of section 548(a)(1). Specifically, Bellco asserts that the Trustee failed to plead that the Debtors were insolvent or that the Debtors received no

Case 12-50702-MFW   Doc 25   Filed 03/01/13   Page 11 of 16

reasonably equivalent value in exchange for the transfers. See 11 U.S.C. § 548(a)(1)(B)(I)-(ii).

### a. Reasonably Equivalent Value

The Third Circuit has held that "a party receives reasonably equivalent value for what it gives up if it gets roughly the value it gave." Walker v. Sonafi Pasteur (In re Aphton Corp.), 423 B.R. 76, 89 (Bankr. D. Del. 2010) (internal citations omitted). To sufficiently plead lack of reasonably equivalent value exchanged, the Trustee must present some information of the value of what the debtor received in exchange for the transfer.

In the Complaint, the Trustee alleges that the Transfers were in payment of an antecedent debt and, therefore, avoidable as preferences. Alternatively, the Trustee asserts that if they were not in payment of the antecedent debt, then no consideration was given for them and they are avoidable as fraudulent transfers. The Court concludes that this is sufficient to plead lack of reasonably equivalent value.

### b. Insolvency

To adequately plead insolvency, the Trustee must present some information of the Debtors' financial status at the time of the transfer. See, e.g., Global Link, 327 B.R. at 717 (holding that a claim under section 548 is insufficient when it "simply alleges the statutory elements of a constructive fraud action under section 548(a)(1)(B)"). But see Zazzali v. Mott (In re

DBSI, Inc.), 447 B.R. 243, 247-48 (Bankr. D. Del. 2011) (holding that insolvency was sufficiently pled when plaintiff alleged debtors never realized a profit, its liabilities exceeded its assets, the debtors relied solely on investment money, and the debtors failed to properly account for assets and liabilities); Charys Liquidating Trust v. McMahan Sec. Co. (In re Charys Holding Co., Inc.), 443 B.R. 628, 636 (Bankr. D. Del. 2010) (holding that insolvency was sufficiently pled when complaint detailed working capital deficit, balance sheet numbers, and overvalued assets).

Here, the Complaint merely provides a near-verbatim recitation of the statutory elements of section 548 without providing any facts to support the Trustee's assertion that the Debtors were insolvent or became insolvent as a result of the transfers. Therefore, the Court concludes that the Trustee has failed to plead with particularity that the Debtors were insolvent during the transfer period as required by Rules 8(a) and 9(b). Thus, the Court will grant Bellco's Motion to Dismiss Count II of the Complaint.

### 3. Unauthorized Post-Petition Transfer

Bellco also asserts that the Trustee failed to plead that any of the Transfers occurred post-petition as required by section 549(a). Bellco argues that Exhibit 1 is conclusive evidence that the sixty-four wire transfers occurred prior to the

Petition Date because the last "clear date" was May 10, 2010, the day before the Petition Date.

The Trustee responds that with regard to Count III, since "the Trustee has pled such causes of action in the alternative, [t]he Trustee should be afforded leeway in asserting the instant avoidance action." (Adv. D.I. 1.) To support this contention, the Trustee argues that "[c]ourts are generally liberal with pleading requirements when a third party trustee is the one bringing the complaint." Miller v. McCown de Leeuw & Co., Inc. (In re The Brown Schools), 368 B.R. 394, 399 (Bankr. D. Del. 2007). See, e.g., In re Am. Business Fin. Svcs., Inc., 361 B.R. 747, 753 (Bankr. D. Del. 2007) ("A bankruptcy trustee, as a third party outsider to the debtor's transactions, is generally afforded greater liberality in pleading fraud.").

Courts have only allowed a liberal pleading requirement for a third-party trustee, however, when pleading fraud under Rule 9(b). See, e.g., Global Link, 327 B.R. at 717 (holding that in the bankruptcy context, "greater liberality should be afforded in the pleading of fraud" when the Trustee is asserting the claim). Because section 549 does not invoke the pleading requirements of Rule 9(b), but instead relies on the traditional pleading requirements of 8(a) and 12(b)(6) set forth in Iqbal and Twombly, the Trustee is not entitled to any leeway. See e.g., Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570) (holding that the

test is whether there is "sufficient factual matter . . . to state a claim to relief that is plausible on its face").

### a. Timing of the Transfer

To satisfy the elements of section 549(a), the Trustee must plead that "1) after commencement of the bankruptcy case in question, 2) property of the estate 3) was transferred, and 4) the transfer was not authorized by the Bankruptcy Court or by a provision of the Bankruptcy Code." ETS Payphones, Inc. v. AT&T (In re PSA, Inc.), 335 B.R. 580, 585 (Bankr. D. Del. 2005). As a matter of law, there can be no unauthorized post-petition transfer when payment occurs prior to the petition date. Pardo v. Nylcare Health Plans, Inc. (In re APF Co.), 274 B.R. 408, 418 (Bankr. D. Del. 2001).

When the transfer is made by check or wire transfer, the transfer date for section 549 purposes is the date that the bank honors the check or transfer instructions. See, e.g., Smith v. Hall (In re Ottoman's, Inc.), Nos. 99-13648-MWV, 01-1210-MWV, 2002 WL 1011326, at *2 (Bankr. D. N.H. Mar. 26, 2002) (adopting honor date test for purposes of section 549). The "clear date" for a transfer is the date that the bank honored the check. See e.g., Guinn v. Oakwood Props., Inc. (In re Oakwood Markets, Inc.), 203 F.3d 406, 409 (6th Cir. 2000) (equating "clear date" with date check was honored); Springel v. Hotel Plaze Athenee (In

re Innovative Commc'n Corp.), Adv. No. 09-3001, 2010 WL 3069489, at *3, n.6 (Bankr. D. V.I. June 18, 2010) (same); Official Comm. of Unsecured Creditors of Contempri Homes Inc. v. Seven D Wholesale (In re Contempri Homes, Inc.), 269 B.R. 124, 131 (Bankr. M.D. Pa. 2001) (same).

In this case, the Trustee specifically identifies the "clear date" on Exhibit 1 as occurring before the Petition Date. Therefore, the Trustee has failed to allege any facts to make it plausible that any of the Transfers cleared post-petition. As a result, the Court will grant Bellco's Motion to Dismiss Count III.

    C.    <u>Leave to Amend</u>

Normally, when granting a motion to dismiss, leave to amend the complaint under Fed. R. Civ. P. 15(a) will be freely granted. See, e.g., Shane v. Fauver, 213 F.3d 113, 115-16 (3d Cir. 2000) (holding that the court should generally grant leave to amend a complaint dismissed for failure to state a claim). According to the Third Circuit, a presumption exists in favor of granting the moving party leave to amend. Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984). Evidence of undue delay, bad faith, undue prejudice, or futility may rebut that presumption. Burtch v. Henry Prod., Inc. (In re AE Liquidation, Inc.), Adv. No. 10-55478, 2012 WL 32589, at *2 (Bankr. D. Del. Jan. 6, 2012).

In this case, Bellco has alleged no undue delay, bad faith,

15

undue prejudice, or futility. The Court will, therefore, grant the Trustee 30 days to amend Counts II and III of the Complaint.

IV.   CONCLUSION

For the foregoing reasons, the Court will grant, in part, and deny, in part, Bellco's Motion to Dismiss the Complaint and will grant the Trustee leave to amend the Complaint.

An appropriate Order is attached.

Dated:  March 1, 2013                    BY THE COURT:

                                         *[signature: Mary F. Walrath]*

                                         Mary F. Walrath
                                         United States Bankruptcy Judge